Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5012 | **DATE** | 8/4/2010 |
| **CASE TITLE** | Irineo Barbosa vs. Terry McCann, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for reconsideration of the court's May 7, 2010 order [95] is granted in part and denied in part. Within 14 days, Defendants are directed to provide documents marked Bates No. 00001 - 00022 for the court's review, and to produce to Plaintiff a copy of any report in their custody prepared by the Department of Public Health. No further production is ordered. On its own motion, the court again extends the time for Plaintiff's response to the pending motion for summary judgment. Plaintiff's response must be submitted no later than September 1, 2010. Should he fail to do so, the court will deem the motion unopposed. Defendants' reply memorandum, if any, to be filed on or before September 15. (For further details see minute order.)

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Irineo Barbosa has moved for reconsideration of the court's May 7, 2010 order. His motion raises three issues:

(1) In its May 7 order, the court concluded that "Defendants have produced Administrative Directives pertaining to celling conditions." That conclusion was based on Defendants' assertion, in their May 6, 2010 response, that they had in fact produced such documents. They cited documents marked Bates No. 00001 - 00022, but did not provide copies of those documents to the court. Plaintiff Barbosa asserts in his motion for reconsideration that the documents marked Bates No. 00001 - 00022 "as can be clearly seen, do not pertain to celling conditions." Unfortunately, Plaintiff, too, has failed to provide copies of the documents, and the court is therefore unable to assess this dispute. Defendants are directed promptly to provide the documents in question for the court's review.

(2) In its May 7 order, the court declined to order Defendants to produce reports from third-party investigative agencies, such as the ACLU, the United States Attorneys' Office, and the John Howard Association. In his motion for reconsideration, Plaintiff urges that although Defendants may not have reports from third parties, they do have copies of a report from the Illinois Department of Public Health. If such a report exists, and if Defendants do have access to it, the court expects them promptly to produce it.

(3) In its May 7 order, the court sustained Defendants' objection to production of documents relating to the closure of the prep kitchen in 2009, two years after the events underlying this lawsuit. Plaintiff argues that such documentation should be produced, "as it may demonstrate that [the kitchen] was closed due to years of failure to eliminate the mice and roaches therein." Because, as also reflected in the May 7 order, Defendants had in fact produced health and safety inspection reports regarding the food prep kitchen, the court stands by

| STATEMENT |
|---|

its conclusion that no further production of documents concerning events in 2009 is required.

The motion [95] is granted in part and denied in part. Within 14 days, Defendants are directed to provide documents marked Bates No. 00001 - 00022 for the court's review, and to produce to Plaintiff a copy of any report in their custody prepared by the Department of Public Health. No further production is ordered. On its own motion, the court again extends the time for Plaintiff's response to the pending motion for summary judgment. Plaintiff's response must be submitted no later than September 1, 2010. Should he fail to do so, the court will deem the motion unopposed. Defendants' reply memorandum, if any, to be filed on or before September 15.

*Rebecca R. Pallmeyer*